NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARVIN BROWN; MAVERICK CONSULTING GROUP, LLC,

        Petitioners - Appellants,

  v.

LOS ANGELES DEPARTMENT OF WATER AND POWER; LOS ANGELES OFFICE OF THE CITY ATTORNEY; PANDORA CONSULTING ASSOCIATES, LLC,

        Respondents - Appellees.

No. 25-790

D.C. No.
2:24-cv-05152-SVW-JPR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 9, 2026**
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District Judge.***

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Marvin Brown and his company, Maverick Consulting Group, LLC ("Maverick"), appeal the district court's dismissal of their action against the Los Angeles Department of Water and Power ("LADWP") and Pandora Consulting Associates, LLC ("Pandora") under 42 U.S.C §§ 1981 and 1983, Section 1 of the Sherman Act, and California law. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

1.     We review for abuse of discretion a district court's dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). The district court did not abuse its discretion in dismissing Maverick after it failed to comply with the court order to retain counsel within thirty days. "It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *see also* C.D. Cal. Loc. R. 83-2.2.2 ("No organization or entity of any other kind (including . . . limited liability corporations . . . ) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court."). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). After Brown and

---

[1] Brown's request for judicial notice is denied, "as the materials contained therein are not relevant to the disposition of this appeal." *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010).

Maverick filed this action *pro se*, the district court gave Maverick thirty days to retain counsel in compliance with local rule or be dismissed. Maverick did not comply, explain its failure to comply, or seek an extension to retain counsel. The district court dismissed Maverick and did not grant leave to add Maverick back in any subsequent order.[2]

2. Brown concedes on appeal that "[he] does not have standing." *See Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) ("[A] shareholder does not have standing to redress an injury to the corporation" unless it is "injured directly and independently of the corporation."). Because the district did not abuse its discretion in dismissing Maverick, and Brown as the only remaining plaintiff lacks standing, the district court properly dismissed this case.

3. The district court also correctly held that Brown failed to state a claim for his federal claims. We review a grant of motion to dismiss for failure to state a claim de novo. *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1003–04 (9th Cir. 2008). Brown did not address the district court's dismissal of his federal claims on the merits in his opening brief, so any challenge is forfeited. *Orr v.*

---

[2] Contrary to Brown's assertion, "the due process right to retain counsel in civil cases appears to apply only in extreme scenarios where the government substantially interferes with a party's ability to communicate with his or her lawyer or actively prevents a party who is willing and able to obtain counsel from doing so." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039–40 (9th Cir. 2021). Brown does not demonstrate any such extraordinary circumstances.

3                                                              25-790

*Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments . . . omitted from the opening brief are deemed forfeited.").

Having "dismissed all claims over which it has original jurisdiction," the district court properly "decline[d] to exercise supplemental jurisdiction" over Brown's state law claims.[3]  28 U.S.C. § 1367(c)(3).

**AFFIRMED.**[4]

---

[3] The district court does not have diversity jurisdiction because all remaining parties are from California.  28 U.S.C. § 1332.

[4] Brown argues that the district court erred by failing to convert the motion to dismiss into a motion for summary judgment.  We are not persuaded because the district court did not "look beyond the pleadings" in ruling on the motion to dismiss.  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).